UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL RENFRO HARBISON, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 11-1900 (BAH) |
| | ) |
| DAVID BECK *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

In this action brought *pro se* for a writ of habeas corpus, the Petitioner seeks issuance of the writ, presumably under 28 U.S.C. § 2241, against three respondents in Virginia -- a Spotsylvania County circuit court judge, a Commonwealth attorney, and the Spotsylvania County sheriff. *See* Pet. Caption. Because a writ of habeas corpus must be "directed to the person having custody of the person detained," 28 U.S.C. § 2243, the Petitioner has named only one probable respondent, Spotsylvania County Sheriff Howard Smith, over whom this Court lacks personal jurisdiction.

It is established that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004), and that habeas "jurisdiction is proper only in the district in which the immediate . . . custodian is located." *Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (internal citations and quotation marks omitted). This Court finds that it lacks jurisdiction over the instant petition and that no basis exists for transferring the case. Hence, the case will be dismissed.

1

Typically, in the interests of justice, the Court will transfer a habeas case wrongly filed in the District of Columbia to the appropriate judicial district. However, such action is not warranted here because it appears that the Petitioner is not currently in custody for purposes of obtaining habeas relief. A person seeking a writ of habeas corpus must satisfy the "in custody" requirement set forth at 28 U.S.C. § 2241(c) by establishing at a minimum that "he is presently in custody" or is suffering a "collateral consequence" of the challenged custody. *Grigsby v. Thomas*, 506 F. Supp. 2d 26, 27 (D.D.C. 2007) (citing *Qassim v. Bush*, 466 F.3d 1073, 1076-77 (D.C. Cir. 2006)); *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Once the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained.") (citation omitted).

The instant petition, consisting of 44 pages and attachments totaling 65 pages, is not a model of clarity. The Petitioner appears to be challenging – from either Korea (his address of record) or North Carolina (his address listed on the petition) -- indictments handed up by the Spotsylvania County, Virginia, Grand Jury on September 19, 2011, charging him with violations of the Virginia penal code, and an arrest warrant issued that same day by the Circuit Court of Spotsylvania County. *See* Pet. ¶¶ 13-15; Attachments (Direct Indictment for Charitable Gaming Fraud, ECF No. 1, p. 57; Direct Indictment for Embezzlement (3 counts), ECF No. 1, pp. 58-60; Order for a Capias, ECF No. 1, p. 61). Although the Petitioner states that he was arrested on October 11, 2011, Pet. ¶ 13, he does not state that he is currently detained in Virginia and, as noted above, the petition indicates that he is not detained.[1]

---

[1] If the Petitioner is detained in Spotsylvania County, Virginia, presumably he may challenge the constitutionality of his detention by seeking a writ of habeas corpus in the United States District Court for the Eastern District of Virginia. *See* 28 U.S.C. § 2241(c)(3) (the writ

The Petitioner also indicates that, on October 20, 2008, the Spotsylvania County Grand Jury indicted the Petitioner for Bigamy and Unlawful Marriage, ECF pp. 47, 48, but it is unclear if those charges resulted in a conviction.  The Petitioner states only that after he "voluntarily turned himself in on October 25, 2008," he was released on his own recognizance. Pet. ¶ 6.  In any event, to the extent that the Petitioner is challenging a conviction entered by the circuit court in Virginia, this Court still is without jurisdiction to entertain the petition because

> an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).

Accordingly, the Court, lacking jurisdiction over the instant habeas petition and finding no basis to transfer it, will dismiss this action.  A separate Order accompanies this Memorandum Opinion.

    /s/ *Beryl A. Howell*
United States District Judge

DATE: November 9, 2011

---

extends to a prisoner whose "custody [is] in violation of the Constitution . . . ."); § 2242 (an application for the writ "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority . . . .").  He has no recourse here.  *See Rooney*, 405 F.3d at 1032 ("a district court has jurisdiction over a habeas petition 'only if it has jurisdiction over' the petitioner's custodian.") (citation omitted).